UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISMARI TORRES, | |
| Plaintiff, | CIVIL ACTION<br>1:19-cv-7396 |
| v. | COMPLAINT |
| PORTFOLIO RECOVERY ASSOCIATES, LLC and CAPITOL ONE BANK (USA) NA | JURY TRIAL DEMANDED |
| Defendants. | |

**COMPLAINT FOR RELIEF PURSUANT TO
THE FAIR DEBT COLLECTION PRACTICES ACT**

Now Comes the Plaintiff, ISMARI TORRES ("Ismari"), by and through her attorneys, complaining of the Defendants, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA") and CAPITOL ONE BANK (USA) NA ("Capital One"), as follows:

**NATURE OF THE ACTION**

1. Ismari brings this action as a consumer to secure redress from unlawful debt collection and unfair business practices engaged in by Defendants. Ismari alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*. ("ICFA").

2. Jurisdiction is conferred upon this Court by 15 U.S.C. §1692k(d) (FDCPA) and 28 U.S.C. §1331, as this action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§2201, 2202 and 735 ILCS 5/2-701.

1

3. Venue and personal jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendants conduct business in the Northern District of Illinois and the conduct complained of occurred within this district.

## PARTIES

4. Plaintiff, Ismari Torres ("Ismari"), is natural person residing in Illinois.

5. Ismari is a "consumer," as defined by the FDCPA, 15 U.S.C. §1692a(3).

6. Defendant, Portfolio Recovery Associates, LLC ("PRA") is a Delaware company with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia 23502. PRA conducts and transacts business throughout Illinois. PRA's Illinois registered agent is Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

7. PRA is a "debt collector," as defined by the FDCPA, 15 U.S.C. §1692a(6), because the principal purpose of its business is the collection of debts.

8. At all times relevant to this complaint, PRA was collecting on a consumer "debt," as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Defendant, Capital One Bank (USA), NA ("Capital One"), is a financial institution with its headquarters in McLean, Virginia. Capital One conducts and transacts business throughout Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

### Settlement Agreement and Illegal Debt Collection

10. In January 2019, Ismari and Capital One entered into a settlement agreement pertaining to a previous consumer action in this district, and all parties executed a written settlement agreement ("settlement agreement").

11. Pursuant to the settlement agreement, which was executed in Cook County, Capitol One agreed to waive the balance and close an account allegedly belonging to Ismari, ending in 0243 ("subject debt").

12. In March 2019, notwithstanding Capitol One's obligation waive the subject debt pursuant to the settlement agreement, Ismari received a payment demand for the subject debt from PRA. *See* Exhibit A, a true copy of PRA's payment demand, dated March 2, 2019.

13. The payment demand states, "[Capitol One] made a business decision to sell your debt … [PRA] purchased your account on 02/21/19. All future payments for this account, including credit counseling service payments, should be directed to us." *Id*.

14. The payment demand is false because Ismari has no obligation to pay the subject debt, or any additional "service payments," pursuant to the settlement agreement.

15. Moreover, the sale of subject debt to PRA subsequent to the execution of the settlement agreement is extremely unfair.

**Willfulness/Recklessness**

16. In the regular course of business, Capital One sells large portfolios of delinquent consumer credit card accounts to debt-buyers, including to PRA, without taking adequate measures to verify the validity of the individual accounts.

17. Capital One does not meaningfully review the accounts it sells to PRA on an individual basis because doing so would not be cost-effective.

18. Rather than abiding by the terms of the settlement agreement, and/or reviewing the individual accounts sold to PRA, Capital One intentionally or recklessly sold the subject debt in violation of the settlement agreement.

19. PRA is willing to purchase and attempt to collect Capital One debts even though it knows that Capital One does not verify the legitimacy of the debts it sells.

20. In attempting to collect the subject debt from Ismari, PRA knowingly relied on the unverified information provided by Capital One.

21. Defendants' conduct demonstrates that they do not have systems in place to prevent the illegal collection of debts not owed, as well as a willful and/or reckless indifference to the law and to the rights of innocent consumers in general.

**Damages**

22. Due to Defendants' illegal conduct, Ismari now faces the immediate harm of a wrongfully diminished credit rating, as well as the confusion and harassment caused by false collection notices.

23. Defendants' conduct has deterred Ismari from utilizing credit otherwise available to her, and she may pay higher rates for certain products or services as a result of false negative credit reporting.

24. Defendants' conduct has caused Ismari a great deal of anxiety and emotional distress, as she fears further collection activity will be taken against her.

25. Defendants' unfair conduct caused Ismari to spend time and money consulting with her attorneys for clarification, and to ensure that Defendants' collection efforts ceased.

26. Defendants' unfair conduct will also cause Ismari to incur expenses, including costs associated with reviewing her credit reports.

**COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

27. Ismari repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. PRA violated 15 U.S.C. §§1692e(10) and f(1) through its debt collection efforts.

29. PRA violated 15 U.S.C. §1692e(10) by falsely representing that Ismari owes the subject debt. In reality, the subject debt is not owed pursuant to the settlement agreement.

30. PRA violated 15 U.S.C. §1692f(1) by attempting to collect from Ismari additional amounts not expressly authorized by the agreement creating the subject debt or permitted by law.

31. As pleaded in paragraphs 22 through 26, Ismari has suffered damages as a result of PRA's illegal conduct.

32. As a result of PRA's violation of the FDCPA, and in consideration of the willful and reckless disregard for the law, Ismari is entitled to a declaratory judgment that PRA's actions violate the FDCPA, as well as an award of actual damages, statutory damages, legal fees and costs pursuant to 15 U.S.C. §1692k(a)(1), (2) and (3).

WHEREFORE, Plaintiff, ISMARI TORRES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the FDCPA;

b. awarding actual damages in an amount to be determined at trial;

c. awarding statutory damages of $1,000 as prescribed by the FDCPA;

d. awarding costs and reasonable attorneys' fees as provided under the FDCPA, and;

e. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS
### CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### (Against Capital One)

33. Ismari repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

34. Ismari is a "person," as defined by the ICFA, 815 ILCS 505/1(c).

35. Ismari is a "consumer," as defined by the ICFA, 815 ILCS 505/1(e).

36. At all times relevant to this complaint, Capital One was engaged in "commerce," as defined by the ICFA, 815 ILCS 505/1(f).

37. It is unfair and deceptive for Capital One to sell the subject debt to PRA after agreeing to waive the balance and close the account pursuant to the settlement agreement.

38. As described above, Capital One's business model includes selling large portfolios of consumer debt without verifying the individual accounts.

39. Capital One benefits from its intentional and/or reckless conduct by receiving payments from debt-buyers, including PRA.

40. Capital One intends for debt-buyers and consumers, including Ismari, to rely on its unfair and deceptive conduct by paying for the unverified debts.

41. Capital One intended for Ismari to rely on its unfair and deceptive conduct and pay the subject debt, or else spend time and incur costs proving that it has been waived.

42. Capital One's unfair, unscrupulous, and deceptive conduct violates public policy, harms innocent consumers, and demonstrates a willful and/or reckless indifference to the law and to the rights of innocent consumers.

43. As a result of Capital One's unfair and deceptive conduct, Ismari has sustained damages, as pleaded in paragraphs 22 through 26.

44. As a result of Capital One's violations of the ICFA, and in consideration of the willful and reckless disregard for the law, Michaela is entitled to a declaratory judgment that Capital One's actions violate the ICFA, as well as an award of actual damages, punitive damages, legal fees and costs.

WHEREFORE, Plaintiff, ISMARI TORRES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the ICFA;

b. awarding actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. awarding costs and reasonable attorney fees;

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 7, 2019            Respectfully Submitted,

/s/ Daniel J. McGarry
Daniel J. McGarry, Esq. ARDC#6309647
Of Counsel, Whiteside & Goldberg, Ltd.
155 N. Michigan Ave., Suite 540
Chicago, IL 60601
(312) 334-6875
dmcgarry@wglawgroup.com
*Counsel for Plaintiff*